IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| United States of America, | |
|---|---|
| Plaintiff, | |
| v. | Criminal No. 3:12-cr-00042 |
| Andrew Luehring | |
| Defendant. | |

## SENTENCING MEMORANDUM

Defendant Andrew Luehring, has pled guilty to the crime of Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances and to Money Laundering Conspiracy to Promote Specified Unlawful Activity in violation of 21 U.S.C. § 841(a)(1), et seq.

Due to Mr. Luehring's substantial assistance and the other factors set forth below, a departure and/or variance is requested under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and 18 U.S.C. § 3553(a) as permitted by United States v. Coyle, 506 F.3d 680 (8th Cir. 2007).

### PLEA AGREEMENT

The parties have signed a written plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B). The parties have agreed to, under U.S.S.G. § 2D1.1(c)(7), a base offense level of 26 for the crime of Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances. Two levels have been added for the crime of Money Laundering Conspiracy to Promote Specified Unlawful Activity, under U.S.S.G. § 2S1.1(b)(2)(B), and two levels have been added for obstruction for false information provided in a proffer interview, under U.S.S.G. § 3C1.1. The United States will recommend a downward adjustment of two levels for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a). The PSI establishes Mr. Luehring has a

Criminal History Category of III under U.S.S.G. § 4B1.1(b). The net result of the PSI is a final offense level of 25, and a sentencing range within Zone D of 70-87 months. The minimum mandatory is five years (60 months). However, the United States Attorney is objecting to the PSI calculation and will argue that the offense level should be 27 based on obstruction for false information provided in a proffer interview.

### *UNITED STATES V. COYLE* AND 18 U.S.C. § 3553(a) FACTORS

The Defense asks that the Court consider the 18 U.S.C. § 3553(a) factors as permitted by United States v. Coyle, 506 F.3d 680 (8th Cir. 2007).

In United States v. Coyle, 506 F.3d 680 (8th Cir. 2007), the Eighth Circuit determined an exception to this rule exists in situations where a defendant's advisory guideline range is above the statutory minimum, giving the district court authority to consider whether a sentence below the guideline range, but at or above the minimum mandatory, is warranted based on the factors set forth in 18 U.S.C. § 3553(a). Id.

According to Coyle, "§ 3553(e) prohibits a district court from relying on factors other than assistance as a basis for sentencing *below* the statutory minimum," but, as in the case at bar, where the defendant's guideline range is above the minimum mandatory, the district court has some flexibility *above* the statutory minimum to determine the Mr. Leuhring's sentence in accordance with the factors in § 3553(a). Id. (citation omitted). This allows the cooperating defendant, who provided substantial assistance *before* sentencing, to not be deprived of a potential variance between the low end of the guideline range and the minimum mandatory sentence based on § 3553(a), and therefore allowing him to receive a reduction for substantial assistance from a lower starting point of than the low end of the guideline range. Id. at 684.

Therefore, in determining the appropriate sentence under 18 U.S.C. §3553(a), the Court must consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

(3) the kinds of sentences available; and,

(4) the kinds of sentence and the sentencing range established.

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

### A.     Post-Offense Rehabilitation

Mr. Luehring is entitled to an adjustment due to his post-offense rehabilitation. Repentant defendants who demonstrate a commitment to repair and rebuild their lives may be entitled to an adjustment for extraordinary rehabilitation. United States v. DeShon, 183 F.3d 888 (8th Cir. 1999).

As many family and friends of Andrew will tell you, Andrew remained a positive individual after being indicted in this case. He has accepted the fact that he has an addiction problem and has sought help for that issue. Andrew was placed in to Center, Inc. in Fargo and stayed clean, passing all of his random drug and alcohol tests. Andrew kept up his strong work ethics, actually picking up more hours with the construction company he was working for at the time. Since his arrest, Andrew has spent more time studying the Bible in an effort to completely turn his life around. Andrew has also been attending AA and NA meetings with full intentions to overcome his addictions. Andrew has set personal goals for himself and plans to return to college after serving his sentence.

### B. Family Situation

Andrew was born on April 26, 1992 to Michael Luehring and Michelle Grevious-Luehring. Andrew has one older sister, Alexis.

As previously stated, Andrew grew up in a very religious household with loving and supportive parents. Both Andrew's maternal and paternal grandparents have been involved in Andrew's life since he was born and have always shown support to Andrew. Andrew was one of the older cousins among his family members and was always a great role model for them growing up. Andrew's older sister Alexis suffers from an autism spectrum disorder, Asperger Syndrome. Alexis' disorder did occasionally affect the amount of positive attention that Andrew received, but Andrew has been able to maintain a positive relationship with his sister. Many of Andrew's family members would tell you that Andrew has always cared for his family members in any way that he is able. Andrew cherishes each and every relationship that he has and is willing to provide support to family and friends whenever they need it, just as they have and will continue to do for him.

### C. Educational and Vocational Background

Andrew graduated from High School in Perham, MN where he moved to his sophomore year of high school. When Andrew worked hard and focused on school, he obtained very good grades. Andrew completed some of his high school requirements by taking courses through the Minnesota State Community and Technical College in Detroit Lakes, MN. After moving to the Fargo/Moorhead area after graduation, Andrew attended classes at the Moorhead Technical College with plans to transfer to NDSU after two years at the tech. As previously stated,

Andrew still has full intentions of returning to school after serving his sentence in order to obtain a degree.

Just prior to his arrest, Andrew obtained employment with Thorsteinson & Sons Construction. Andrew's employers enjoyed having Andrew work for their company. Andrew was said to be a good, hard worker who always came to work on time and got along well with the employers and the other employees. Andrew is a hardworking and dedicated person, an overall great individual.

### D. Pre-Offense Drug Addiction

When Andrew and his parents moved to Perham Minnesota in the middle of Andrew's sophomore year, Andrew struggled to fit in. Andrew got involved with the wrong type of friends and began to smoke marijuana and drink alcohol. Andrew later began living with these same individuals when he moved to Fargo. Andrew has also had a history of anxiety and after losing his girlfriend of two years and getting laid off of his construction job, Andrew used marijuana and alcohol as self-medication for his anxiety and depression and he dropped out of school at Moorhead Tech. Andrew's total criminal history is very minimal and although he has made some poor choices in his past, Andrew has taken responsibility for those actions and wants to change his life around.

By attending AA and NA meetings, Andrew has demonstrated that he recognizes he has an addiction problem and has a strong desire to stay clean and turn his life around. Andrew has worked on finding better ways to deal with his stress and anxiety, such as turning to God with prayer, and making beaded necklaces for friends and family as a calming mechanism.

## CONCLUSION

Defendant requests that the Court consider the above in determining what type of sentence is sufficient, but not greater than necessary, to comply with U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and 18 U.S.C. § 3553(a). The Defendant requests a sentence of 60 months, which is the minimum mandatory for this charge.

Dated this 6th day of February, 2013.

KENNELLY & O'KEEFFE, LTD.

/s/ Tatum O. Lindbo
TATUM O. LINDBO (ND ID No. 05985)
313 N.P. Avenue
P.O. Box 2105
Fargo, ND 58107-2105
Phone: (701) 235-8000
Fax: (701) 235-8023