# United States District Court
## District of North Dakota

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number: 3:12-CR-42-11 |
| **Andrew Michael Luehring** | USM Number: 11614-059 |
| | Tatum O'Brien Lindbo |
| | Defendant's Attorney |

**THE DEFENDANT:**

pleaded guilty to counts: ONE(1) and TWO(2) of the Indictment.

Accordingly, the defendant is adjudged guilty of such counts, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess With Intent to Distribute and Distribute a Controlled Substances | 05/02/2012 | 1 |
| 18 U.S.C. § 1956 | Money Laundering Conspiracy to Promote Specified Unlawful Activity | 05/02/2012 | 2 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200, for counts 1 and 2 of the Indictment which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court, Quentin N. Burdick, U.S. Courthouse, 655 1st Avenue North, Suite 130, Fargo, North Dakota  58102.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

February 13, 2013
Date of Imposition of Judgment

*/s/ Ralph R. Erickson*
Signature of Judicial Officer

RALPH R. ERICKSON, Chief U.S. District Judge
Name & Title of Judicial Officer

February 20, 2013
Date

| | | |
|---|---|---|
| CASE NUMBER: | 3:12-CR-42-11 | Judgment - Page 2 of 4 |
| DEFENDANT: | Andrew Michael Luehring | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 70 months with credit for time in custody. Counts 1 and 2 shall run concurrent to each other.

The court makes the following recommendations to the Bureau of Prisons:

1. That the defendant be permitted to participate in the 500 hour Residential Drug Abuse Treatment Program (RDAP) of the Bureau of Prisons, and that he be afforded any benefit from successful completion of this program.

2. That the defendant be allowed to serve his sentence in Duluth, MN.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 12:00 Noon on Monday, April 8, 2013.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

| | | |
|---|---|---|
| CASE NUMBER: | 3:12-CR-42-11 | Judgment - Page 3 of 4 |
| DEFENDANT: | Andrew Michael Luehring | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004. These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 3:12-cr-00042-RRE   Document 694   Filed 02/20/13   Page 4 of 4

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:12-CR-42-11 | Judgment - Page 4 of 4 |
| DEFENDANT: | Andrew Michael Luehring | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a chemical dependency treatment program, which may include an evaluation as approved by the supervising probation officer.

2. The defendant shall totally abstain from the use of alcohol and illegal drugs or the possession of a controlled substance, as defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the U.S. Probation Officer to verify compliance. Failure or refusal to submit to testing can result in mandatory revocation. Tampering with the collection process or specimen may be considered the same as a positive test result.

3. The defendant shall not enter an establishment where alcohol is the primary item of sale.

4. The defendant shall disclose his financial information at the request of the supervising probation officer.

5. The defendant shall submit his person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation Officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The defendant shall notify any other residents that the premise may be subject to searches pursuant to this condition.

6. As directed by the Court, if during the period of supervised release the supervising probation officer determines that defendant is in need of placement in a Residential Re-Entry Center (RRC), the defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer. See United States v. Kent, 209 F.3d 1073 (8th Cir. 2000).

**Findings Justifying Special Conditions:**

a. History of substance abuse.
b. The defendant has not been able to complete a drug and alcohol treatment program.
c. Used alcohol/drugs in relation to the instant offense.
d. Prior legal problems related to use.
e. Prior disruption of work, school, or home due to substance abuse.
f. Continued using despite social/interpersonal problems.
g. Placement in an RRC is meant to assist in obtaining employment or residence, and is not viewed as punitive.
h. Financial disclosure will help determine the defendant's income is from legitimate sources.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
              Defendant                                                                Date


              _____        _____
              U.S. Probation Officer/Designated Witness                   Date